Donald A. Nunn, Esq.  SBN 54232
13426 Community Road
Poway, CA 92064
Telephone:   (858)748-8612
Facsimile:    (858)748-8610

Attorney for Defendant, ISRAEL MORALES-AMARO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>ISRAEL MORALES-AMARO,<br>PABLO GUZMAN-ZACARIAS,<br><br>    Defendants. | Case No.  08CR0641-JLS<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY<br><br>DATE:   4/11/08<br>TIME:    1:30 p.m. |

## I.

## STATEMENT OF FACTS

Defendant, MORALES-AMARO, has been indicted on six counts of transportation of illegal aliens and bringing aliens to the United States for the purpose of financial gain in violation of 8 U.S.C. §1324.

On February 19, 2008 at approximately 8:15 p.m., Border Patrol Agents received a citizen's report of a white van stopped at the side of the road near Airport Mesa, close to Jacumba, with suspected illegal aliens loading into it.  This location is approximately one-half mile north of Mexico and 25 miles east of the Tecate, California Port of Entry.  The white van was located by agents, subsequently observed to be what agents felt to be heavily laden in the

Memorandum of Points and Authorities
In Support of Motion to Compel Discovery
Page 1

rear, and the van was followed on Interstate 8 as it drove down the Inkopah Grade towards Imperial County. At the bottom of the Grade, the van pulled to the side of the road and agents then activated their overhead emergency lights. They found 22 people in the van, but no one in the driver's seat.

Observations of the agents and information subsequently obtained from the Co-Defendant and smuggled aliens, led the agents to arrest Defendant Morales on the belief that he was driver of the van. Subsequent to Miranda advisement, Defendant Morales allegedly made various self-incriminatory statements.

Defendant Morales believed he had reached a Plea Bargain with the United States Attorney's Office on this case and was prepared to plead guilty. He was prevented from doing so by the United States Attorney's Office "Package Disposition Policy".

## II.

## **MOTION TO COMPEL DISCOVERY**

Defendant moves for discovery that is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in custody, control, care, or knowledge of any "closely related investigative (or other) agencies" under the United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert. denied, 493 U.S. 858 (1989):

**(1)    The Defendant's Statements.**  Under Fed. R. Crim. P. 16 (a) (1) (A) the defendant is entitled to disclosure of <u>all</u> copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any recorded testimony of the defendant before the grand jury; any response by the defendant to interrogation; the substance of any oral statements

Memorandum of Points and Authorities
In Support of Motion to Compel Discovery
Page 2

which the government intends to introduce at trial; and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agents; any response to any Miranda warnings which may have been given to the defendant (see United States v. McElroy, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A). This includes but is not limited to statements made during the execution of the search warrants herein. The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the Government must reveal all the defendant's statements, whether oral or written regardless of whether the Government intends to introduce those statements;

**(2)** **Arrest Reports, Notes and Dispatch Tapes.** The defendant also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest, the searches, or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). See also United States v. Johnson, 525 F.2d 999 (2d Cir. 1975), cert. denied, 424 U.S. 920 (1976); United States v. Lewis, 511 F. 2d 798 (D.C. Cir. 1975); United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y. 1967); Loux v. United States, 389 F.2d 911 (9th Cir.), cert. denied, 393 U.S. 867 (1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and ( C ), Fed. R. Crim. P. 26.2 and 12(I);

Memorandum of Points and Authorities
In Support of Motion to Compel Discovery
Page 3

**(3)** **Reports of Scientific Tests or Examinations.** Pursuant to Fed. R. Crim. P. 16(D), defendant requests the reports of all tests and examinations conducted upon the evidence in this case, including but not limited to, the scientific chemical testing done upon any drugs seized in this case to determine if it was indeed an illegal substance, and any fingerprint testing done upon any evidence seized in this case, that it within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial;

**(4)** **Brady Material.** The defendant requests all documents, statements, agent's reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976);

**5.** **Any Information that May Result in a Lower Sentence under the United States Sentencing Guidelines (U.S.S.G.)**.  As discussed above, this information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963).  This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the U.S.S.G. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of U.S.S.G.;

Memorandum of Points and Authorities
In Support of Motion to Compel Discovery
Page 4

**(6)** **The Defendant's Prior Record.** Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B);

**(7)** **Any Proposed 404 (b) Evidence.** Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)( C) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404 (b), "upon request of the accused, the prosecution…shall provide reasonable notice in advance of trial…of the general nature…" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial;

**(8)** **Evidence Seized.** Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)( C).

**(9)** **Request for Preservation of Evidence.** The defendant specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, any samples used to run any scientific tests, any narcotics or other drugs, and any evidence seized from any third party. It is requested that the government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence;

**(10)** **Tangible Objects.** The defense requests, under Fed. R Crim. P. 16(a)(2)(C ), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs, of building

Memorandum of Points and Authorities
In Support of Motion to Compel Discovery
Page 5

or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant;

**(11)** **Evidence of Bias or Motive to Lie.** The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988), cert. denied, 489 U.S. 1032 (1989);

**(12)** **Impeachment Evidence.** The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. See, Fed. R. Evid. 608, 609, and 613. Such evidence is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). See United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from witnesses' credibility). This includes criminal records of co-defendants and co-conspirators, whether indicted or not, U.S. v. Curry, 278 F. Supp. 508 (N.D.Ill, 1967);

**(13)** **Evidence of Criminal Investigation of Any Government Witness**. The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.), cert. denied, 474 U.S. 945 (1985);

**(14)** **Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling**. The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v.

Memorandum of Points and Authorities
In Support of Motion to Compel Discovery
Page 6

Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F. 2d 213, 224 (4th Cir. 1980);

**(15) Witness Addresses.** The defendant requests the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses), cert. denied, 444 U.S. 1034 (1980). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984);

**(16) Name of Witnesses Favorable to the Defendant**. The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. This request includes but is not limited to statements by witnesses which do not mention this defendant. Jackson v. Wainwright, 390 F.2d 288(5th Cir. 1968); Chavis v. North Carolina, 637 f. 2D 213, 223 (4th Cir. 1980); Jones V. Jago, 575 F.2d 1164, 1168 (6th Cir), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F. 2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980);

**(17) Statements Relevant to the Defense.** The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982);

**(18) Jencks Act Material.** The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C Section 3500, reasonably in advance of trial,

Memorandum of Points and Authorities
In Support of Motion to Compel Discovery
Page 7

including dispatch tapes. A verbal acknowledgment that "rough" notes constitutes an accurate account of the witnesses' interview is sufficient for the report or notes to qualify as a statement under Section 3500(e)(1). <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963). In <u>United States v. Boshell</u>, 952 F. 2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. The defense requests pre-trial production of <u>Jencks</u> material to expedite cross-examination and to avoid lengthy recesses during trial;

**(19)    Giglio Information.**  Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses;

**(20)    Personnel Records of Government Officers Involved in the Investigation, Interview, or Analysis.**  The defendant requests all citizen complaints and other related internal affairs documents involving any of the law enforcement officers who were involved in the investigation, arrest and interrogation of defendant, pursuant to <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will not be able to procure them from any other source;

**(21)    Government Examination of Law Enforcement Personnel Files.**  Defendant requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. Defendant requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonestly, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty

Memorandum of Points and Authorities
In Support of Motion to Compel Discovery
Page 8

under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).  The obligation to examine files arises by virtue of the defense making a demand for their review: the Ninth Circuit in Henthorn remanded for in camera review of the agents' files because the government failed to examine the files of agents who testified at trial.  This Court should therefore order the government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to defendant prior to trial.  Defendant specifically requests that the prosecutor, not law enforcement officers, review the files in this case.  The duty to review the files, under Henthorn, should be the prosecutor's and not the officers'.  Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.

**(22)** **Notice of evidence for Pretrial Motion purposes**.  Defendant moves the court to require the government to give notice of all evidence it intends to use in its case in chief which may arguably be subject to a pretrial motion to suppress.  FRCrP 12(d)(2).

**(23)** **Continuing Order.**  Defendant moves this Court to Order that all discovery orders entered be continuing orders to disclose requiring the government to provide Defendant with all discoverable information as soon as such information becomes available to the government.

Date:  March 14, 2008

                                      Respectfully submitted,

                                      __s/Donald A. Nunn_____
                                      Donald A. Nunn,
                                      Attorney for Defendant ISRAEL MORALES-
                                       AMARO

Memorandum of Points and Authorities
In Support of Motion to Compel Discovery
Page 9

**CERTIFICATE OF SERVICE**

I, Donald A. Nunn declare that:

I am, and was at the time of service of the papers herein referred to, over the age of 18 years and not a party to this action; and I am employed in the County of San Diego, California. My business address is 13426 Community Road. Poway, California.

I caused to be served by electronic mail on March 14, 2008:

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO COMPEL DISCOVERY

to the following:

- **John C Ellis , Jr**
  john_ellis@fd.org,marylou_belteton@fd.org

- **Neil R Trop**
  neiltroplaw@hotmail.com

- **U S Attorney CR**
  Efile.dkt.gc2@usdoj.gov

                                                                                                                                                                         s/Donald A. Nunn
Donald A. Nunn,
Attorney for Defendant ISRAEL MORALES-AMARO

Memorandum of Points and Authorities
In Support of Motion to Compel Discovery
Page 10